COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO



William Engelman
c/o Robert S. Kaiser
7434 Jager Court
Cincinnati, OH 45230,

        Plaintiff,

v.

NITV Federal Services, LLC,
c/o Charles Humble, Registered Agent
11400 Fortune Circle
West Palm Beach, FL 33414

        Defendant.

Case No. A0602787
(Judge      )

**COMPLAINT**

ORIG, COMP, PARTIES, SUMMONS
(X) CERT MAIL ( ) SHERIFF ( ) WAVE
( ) PROCESS SERVER ( ) NONE
CLERKS FEES_____TIC
SECURITY FOR COST _____
DEPOSITED BY _____ 39 364
FILING CODE _____ H740

Now comes Plaintiff William Engelman, by and through counsel, and states as follows for his Complaint against Defendant NITV Federal Services, Inc.:

1. At all times relevant to this action, Plaintiff William Engelman was domiciled in Hamilton County, Ohio. Mr. Engelman is a retired law enforcement officer who now provides training and other law enforcement services.

2. Defendant NITV Federal Services, LLC ("NITVFS") is a Florida limited liability company with its principal place of business at the address listed in the caption. NITVFS is in the business of providing voice stress analysis equipment, training, and services.

3. In late 2004, NITVFS approached Mr. Engelman about an opportunity to provide services as an instructor at the U.S. Naval Station at Guantanamo Base, Cuba.

4. In January 2005, Mr. Engelman and NITVFS entered into a contract (the "Agreement"), under which Mr. Engelman would provide his services as an instructor at Guantanamo Base.

EXHIBIT A
- 1 -

**DEFENDANT'S EXHIBIT A**

5. The Agreement included a two-year guarantee of employment, as well as terms relating to salary, moving expenses, storage expenses, travel back to Cincinnati for Mr. Engelman and his wife, emergency medical evacuation insurance, and other benefits. A copy of the Agreement is not attached to the Complaint to prevent public disclosure of its contents, but Defendant NITVFS has a copy and a copy will be provided to the Court as the case proceeds.

6. After entering into the Agreement, Mr. Engelman (and, ultimately, his wife) relocated to Guantanamo Base and Mr. Engelman began his duties for NITV.

7. In January 2006, Mr. Engelman was notified that NITVFS would not be able to honor the second year of its commitment to employ him at Guantanamo Bay.

8. NITVFS acknowledged its two-year commitment to Mr. Engelman for his services at Guantanamo Bay and discussed possible amendments to the Agreement that would require Mr. Engelman to relocate to South Florida to provide services to NITVFS for the remaining term of the Agreement.

9. Because the possible amendments to the Agreement involved significant financial and personal disadvantages to Mr. Engelman as compared to NITVFS' commitments under the Agreement, Mr. Engelman explored alternative employment that would allow him to stay at Guantanamo Bay to mitigate those damages.

10. Mr. Engelman successfully found alternative employment at Guantanamo Bay.

11. When Mr. Engelman secured the alternative employment, he notified NITVFS that he had been able to secure a new position that would help mitigate the damages resulting from NITVFS' breach of the Agreement and promptly inventoried and returned all items in his possession which belonged to NITVFS.

## FIRST CAUSE OF ACTION

12. NITVFS breached the Agreement.

13. As a direct and proximate cause of NITVFS' breach, Mr. Engelman has suffered damages.

14. After accounting for the mitigating effect of the new position Mr. Engelman was able to secure, the damages in unpaid salary, lost salary, moving expenses, storage expenses, travel back to Cincinnati for Mr. Engelman and his wife, emergency medical evacuation insurance, and other benefits is believed to be approximately $50,000.00.

## SECOND CAUSE OF ACTION

15. Following Mr. Engelman's acceptance of alternative employment to mitigate the damages proximately caused by NITVFS' breach, NITVFS falsely accused Mr. Engelman of theft of NITVFS' property.

16. This false allegation was made without any factual basis and was made **after** Mr. Engelman had inventoried and returned all of the material and equipment in his possession to NITVFS.

17. This false and baseless allegation was made with full knowledge that it might jeopardize Mr. Engelman's security clearance and that his security clearance is necessary to maintain his new position.

18. As a result of NITVFS knowingly making this false and baseless allegation, Mr. Engelman has been damaged in an amount that will be proven at trial.

**WHEREFORE,** Mr. Engelman demands the following relief:

A. As to the First Cause of Action, an award of damages sufficient to compensate him for the economic damages he has suffered, which is believed to be approximately $50,000.00;

B. As to the Second Cause of Action, an award of damages sufficient to compensate him for the economic and special damages he has suffered in an amount to be proven at trial, as well as an award of punitive damages as a result of NITVFS knowingly making false allegations against him;

C. An award of attorney fees and costs; and

D. All other relief, legal or equitable, which the Court finds proper.

*[signature]*
Robert S. Kaiser (0039364)
Trial Attorney for William Engelman
7434 Jager Court
Cincinnati, OH 45230
(513) 474-5469 (phone)
(513) 474-3721 (fax)
rskaiser@fuse.net