## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM ENGELMAN** | ) | **Case No.   1:06-cv-00223-MHW** |
| | ) | |
| **Plaintiff,** | ) | **Judge:     Michael H. Watson** |
| | ) | |
| **-v-** | ) | |
| | ) | **ANSWER AND COUNTERCLAIM** |
| **NITV FEDERAL SERVICES, LLC** | ) | **OF DEFENDANT NITV FEDERAL** |
| | ) | **SERVICES, LLC_____** |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

### ANSWER

Defendant NITV Federal Services, LLC ("NFS") submits its Answer to Plaintiff William Engelman's ("Engelman") Complaint, and states as follows:

1.     Defendant NFS admits that upon information and belief, Engelman is a retired law enforcement officer.  NFS is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 1 of the Complaint, and therefore denies them.

2.     Defendant NFS admits that it is a Florida limited liability company with its principal place of business at the address listed in the caption.  NFS also admits that it provides, among other things, voice stress analysis equipment, training, and services.   The remaining allegations contained in paragraph 2 of the Complaint are denied.

3.     NFS admits that NFS and Engelman discussed an opportunity for Mr. Engelman to provide services for NFS as an instructor.  NFS is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 3 of the Complaint, and therefore denies them.

4.      NFS admits that it entered into a contract with Engelman (the "Agreement"), the terms and conditions of which speak for themselves and are the best evidence thereof.  NFS denies the remaining allegations contained in paragraph 4 of the Complaint.

5.      NFS affirmatively states that the terms and conditions of the Agreement speak for themselves and are the best evidence thereof.  NFS admits that it has a copy of the Agreement. NFS is without knowledge or information sufficient to form a belief as to the truth of the statements pertaining to why the Agreement was not attached to the Complaint and whether it will later be provided to the Court by Engelman, and therefore denies them.  NFS denies the remaining allegations contained in paragraph 5 of the Complaint.

6.      NFS admits that Mr. Engelman worked for NFS at Guantanamo Bay.  NFS is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 6 of the Complaint, and therefore denies them.

7.      NFS is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint, and therefore denies them.

8.      NFS is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint, and therefore denies them.

9.      NFS is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the complaint, and therefore denies them.

10.      NFS admits, upon information and belief, that Mr. Engelman accepted a position with another company at Guantanamo Bay.  NFS is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 10, and therefore denies them.

11.     NFS admits that at some point in time, Mr. Engelman told NFS that he had accepted other employment.  NFS denies the remaining allegations contained in paragraph 11 of the Complaint.

12.     NFS denies the allegations contained in paragraph 12 of the Complaint.

13.     NFS denies the allegations contained in paragraph 13 of the Complaint.

14.     NFS denies the allegations contained in paragraph 14 of the Complaint.

15.     NFS denies the allegations contained in paragraph 15 of the Complaint.

16.     NFS denies the allegations contained in paragraph 16 of the Complaint.

17.     NFS denies the allegations contained in paragraph 17 of the Complaint.

18.     NFS denies the allegations contained in paragraph 18 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own material breaches of contract.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by one or more of the legal/equitable doctrines including, but not limited to, estoppel, waiver, implied or express release, acquiescence, laches and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of frauds and/or parole evidence rule.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to reasonably mitigate damages, if any, as required by law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification and/or payment.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant breached no duty owing to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant incorporates its responses as set forth and states that Plaintiff's claims against Defendant should be reduced by setoff or recoupment.

### NINTH AFFIRMATIVE DEFENSE

Any statements made concerning Plaintiff were subject to an absolute and/or qualified privilege.

### TENTH AFFIRMATIVE DEFENSE

Any statements made by NFS concerning Plaintiff were true.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant hereby places Plaintiff on notice that it intends to assert and rely upon additional affirmative defenses as it may learn throughout the course of discovery and reserves the right to amend this answer to assert any and all such affirmative defenses.

**WHEREFORE**, Defendant NFS respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its costs, attorneys' fees and all other relief which this Court deems just and proper.

## COUNTERCLAIM

For its Counterclaim against Counterclaim Defendant William Engelman, Counterclaim Plaintiff NITV Federal Services, LLC states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Counterclaim Plaintiff NFS is a Florida limited liability company with its principal place of business located in West Palm Beach, Florida.  NFS is the government contracting arm of NITV, the national leader in the field of voice stress analysis.  NITV's computer software, training and related services are utilized by more than 1,400 certified law enforcement and federal agencies, including the United States military, here and abroad.

2.      Upon information and belief, Counterclaim Defendant Mr. Engelman is a citizen of the United States and resides in Hamilton County, Ohio.

3.      This is an action for breach of contract.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.  Venue is proper in this Court pursuant to 28.U.S.C. § 1391.

### COUNT I
### BREACH OF CONTRACT

4.      NFS incorporates by reference its responses to paragraphs 1 through 3 of its Counterclaim as if fully set forth herein.  NFS further incorporates by reference its responses to paragraphs 1 through 18 of its Answer to William Engelman's Complaint as if fully set forth herein.

5.      The "Agreement" is a valid and enforceable contract between NFS and William Engelman.

6.      Under the terms of the Agreement, NFS agreed to employ Engelman to perform services at one or more of NFS's locations.

7.      NFS has performed its obligations under the Agreement and has satisfied all conditions precedent to its enforcement.  NFS has at all times performed all of its duties and obligations required by the Agreement.

8.      William Engelman breached the Agreement by failing to perform all the duties and obligations required of him under the Agreement, and by unilaterally terminating the Agreement and accepting other employment while employed by NFS so that he may remain in Guantanamo Bay.

9.      Mr. Engelman's acts constitute a knowing and intentional breach of contract under Ohio law.

10.     NFS is financially harmed by Mr. Engelman's unlawful actions.

11.     Under the terms of the Agreement, Mr. Engelman  is liable to NFS for all travel and moving expenses and airfare because he failed to complete the terms of the Agreement.

12.     Mr. Engelman's breach has caused NFS to incur damages, and NFS is entitled to recover damages, including but not limited to, attorney fees, costs and expenses.

**WHEREFORE**, Counterclaim Plaintiff NFS requests the following relief against Counterclaim Defendant William Engelman:

A.      Entry of judgment in favor of NFS and against Engelman in an amount to be determined at trial but which includes the reimbursement of all expenses under the Agreement, together with attorneys' fees, pre- and post- judgment interest and the court costs herein; and

B.      All other relief that the Court deems reasonable and appropriate.

## JURY DEMAND

Counterclaim Plaintiff NFS hereby demands a trial by jury on any issues so triable.

Dated:  May 9, 2006                                    Respectfully submitted,


                                                       /s/ Jamie M. Ramsey
                                                       Jamie M. Ramsey (0071369)
                                                       Jacquelyn Drew Van Tuyl (0076097)
                                                       One East Fourth Street, Suite 1400
                                                       Cincinnati, Ohio 45202
                                                       Tel: (513) 639-3928
                                                       Fax: (513) 579-6457
                                                       jramsey@kmklaw.com
                                                       jvantuyl@kmklaw.com
                                                       Attorneys for Defendant/Counterclaim
                                                       Plaintiff NITV Federal Services, LLC



OF COUNSEL:

KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400


## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2006, a copy of the foregoing ANSWER AND COUNTERCLAIM OF DEFENDANT NITV FEDERAL SERVICES, LLC was filed electronically using the CM/ECF system which will send notification of such filing to the following parties.  Parties may access this filing through the Court's system.

                               Robert S. Kaiser
                               7434 Jager Court
                               Cincinnati, Ohio 45230


                               /s/ Jamie M. Ramsey
                               Jamie M. Ramsey

1642037.1