# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| William Engelman | ) | Case No. 1:06-cv-00223-MHW |
| | ) | |
| Plaintiff, | ) | (Judge Michael Barrett) |
| | ) | |
| -v- | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| NITV Federal Services, LLC | ) | **DISQUALIFY PLAINTIFF'S** |
| | ) | **COUNSEL** |
| Defendant. | ) | |

Defendant NITV Federal Services, LLC ("NFS"), by and through counsel, respectfully moves this Court for an Order disqualifying counsel Robert S. Kaiser from further representation of Plaintiff William Engelman ("Plaintiff"). Mr. Kaiser previously mediated a dispute between the two parties concerning Plaintiff's employment contract with NITV and he must, therefore, be disqualified under Rule 1.12 of the Ohio Rules of Professional Conduct.

This motion is supported by the attached Memorandum of Law and the Declaration of James Kane.

Respectfully submitted,

/s/ Christy M. Nageleisen
Jamie M. Ramsey (0071369)
Christy M. Nageleisen (0076600)
One East 1 Fourth St., Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 639-3933
Fax: (513) 579-6457
jramsey@kmklaw.com
cnageleisen@kmklaw.com
Attorney for Defendant/Counterclaim Plaintiff
NITV Federal Services, LLC

**MEMORANDUM OF LAW**

1. **BACKGROUND**

On March 24, 2006, Robert S. Kaiser, by and on behalf of Plaintiff William Engelman ("Plaintiff" or "Engelman"), filed this action against Defendant National Institute for Truth Verification Federal Services, Inc. ("NITV"). *See* Complaint, 3/24/06 (T.d. 1). The complaint alleges that NITV breached an employment contract executed by Plaintiff because NITV was unable to employ him in a position at Guantanamo Bay, Cuba after NITV's services were no longer needed and NITV was obliged to move off of the Government Naval Base. *See id.*

Prior to retaining Kaiser as his counsel in the current action, Plaintiff had used Kaiser's services as a mediator for an employment dispute with NITV. *See generally* Engelman Depo., pp. 83-86. After Plaintiff terminated his employment with NITV, a dispute immediately arose between the parties regarding Mr. Engelman's previous employment contract. Kaiser intervened in that dispute, at Plaintiff's urging, as a neutral third-party mediator. During his deposition, Plaintiff testified:

> Q. In order to resolve that issue, isn't it true that you asked Mr. Kaiser to mediate that dispute for you?
>
> MR. KAISER: To mediate it?
>
> MS. NAGELEISEN: That's correct.
>
> Q To help you come to a reasonable agreement without the involvement of litigation?
>
> A. Yes.
>
> Q. And it's your understanding that Mr. Kaiser contacted Jim Kane and/or Dr. Humble for that exact purpose?
>
> A. Yes.
>
> Q. And that he did?
>
> A. Yes.

> Q. And that a reasonable resolution was reached?
>
> A. Yes.

*Id.* at pp. 84:25-86:2. Mr. Engelman sought out Kaiser's services – knowing he was a mediator by trade – to help him reach a result without litigation.

More importantly, however, Kaiser represented himself as a mediator to Dr. Charles Humble and Jim Kane, the Chairman & CEO and the Director of NITV Federal Services, respectively. *See* Declaration of James Kane at ¶¶ 4-5 (attached as Exhibit A). In or around February, 2006, Kaiser spoke with Dr. Charles Humble and Jim Kane by telephone and introduced himself as a mediator who worked for The Center for Resolution of Disputes in Cincinnati, Ohio. *Id.* He informed them that he had been contacted by the Plaintiff, who was claiming to have a disagreement with NITV concerning his previous employment contract, and that Kaiser wanted to help the parties reach an agreement. *Id.* at ¶ 3-4. Jim Kane remembers that Kaiser substantially stated the following when introducing himself: "I am looking out for the best interests of everyone" and "I hope that everyone can resolve the issues in a gentlemanly fashion." *Id.* at ¶ 6. During the call, Jim Kane voiced concerns that Plaintiff would initiate a law suit against NITV, even if NITV agreed to meet his demands. Kaiser responded in substance "That will not happen – that is why I am involved, to ensure a law suit can be avoided and everyone reaches an agreement." *Id.* at ¶ 7. At these representations, believing that information spoken during the call would not be shared with the Plaintiff, Dr. Humble and Jim Kane explained to Kaiser their concerns over the dispute. *Id.* at ¶ 8. Kaiser allayed their fears and the parties reached an agreement. *Id.* at ¶ 9.

Kaiser never asked for – nor received – written, informed consent from NITV to act as Plaintiff's counsel in this matter. *Id.* at ¶ 10. Despite that fact, Kaiser filed a complaint on

behalf of Plaintiff against NITV and Kaiser has continued to represent Plaintiff in the capacity as attorney.

**II.    ARGUMENT**

Rule 1.12 of the Ohio Rules of Professional Conduct mandates that a "lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a . . . mediator, or other third-party neutral, unless all parties to the proceeding give informed consent, confirmed in writing." Ohio Rules of Prof. Conduct Rule 1.12 (2007).

In the case at bar, Kaiser participated personally as a mediator in matters involving the employment of the Plaintiff with NITV. He was contacted by Plaintiff to serve as a mediator and he then contacted Dr. Humble and Jim Kane at NITV and introduced himself as a mediator who worked for the Center for Resolution of Disputes. Kaiser also participated substantially in the matter because he informed NITV's representatives that he was looking out for their best interests and addressed the merits of the Plaintiff's employment and his employment agreement. Moreover, NFS never gave informed, written consent to Kaiser's representation of the Plaintiff in this matter.

Because Kaiser has previously participated, personally and substantially, as a mediator in an employment dispute between Plaintiff and NITV, and because NITV never gave informed written consent to Kaiser's current representation of Plaintiff, attorney Kaiser should be disqualified from now representing Plaintiff in connection with a related matter.

**III.    CONCLUSION**

For the foregoing reasons, NITV respectfully requests that Robert S. Kaiser be disqualified from representing Plaintiff in this action.

        Respectfully submitted,

        /s/ Christy M. Nageleisen
        Jamie M. Ramsey (0071369)
        Christy M. Nageleisen (0076600)
        One East 1 Fourth St., Suite 1400
        Cincinnati, Ohio 45202
        Phone: (513) 639-3933
        Fax: (513) 579-6457
        jramsey@kmklaw.com
        cnageleisen@kmklaw.com
        Attorney for Defendant/Counterclaim Plaintiff
        NITV Federal Services, LLC

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Defendant's Motion to Disqualify Plaintiff's Counsel was served via the Court's electronic notification system, this 8th day of June, 2007.

        /s/ Christy Nageleisen
        Christy M. Nageleisen (0076600)

2049971.1