UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| William Engelman | ) | Case No. 1:06-cv-00223-MHW |
| | ) | |
| Plaintiff, | ) | (Judge Michael Barrett) |
| | ) | |
| -v- | ) | **DECLARATION OF JAMES KANE IN** |
| | ) | **SUPPORT OF DEFENDANT'S MOTION** |
| NITV Federal Services, LLC | ) | **TO DISQUALIFY PLAINTIFF'S** |
| | ) | **COUNSEL** |
| Defendant. | ) | |

I, James Kane, hereby declare as follows, based on my personal knowledge:

1. Since 2005, I have acted as the Director of NITV Federal Services.

2. William Engelman worked at NITV during the period that I was acting in the capacity of Director, from in or around June 2005 through February 2006.

3. After Mr. Engelman terminated his employment with NITV, a dispute immediately arose between the parties regarding his previous employment contract.

4. In or around March 2006, I participated in a telephone conference call with Robert Kaiser and Dr. Charles Humble, President and CEO of NITV. Mr. Kaiser informed me and Dr. Humble that he had been contacted by Mr. Engelman concerning the disagreement over Mr. Engelman's previous employment contract with NITV.

5. Mr. Kaiser introduced himself as a mediator who worked for The Center for Resolution of Disputes in Cincinnati, Ohio.

6. I remember Mr. Kaiser substantially stating the following when introducing himself: "I am looking out for the best interests of everyone" and "I hope that everyone can resolve the issues in a gentlemanly fashion." Mr. Kaiser also stated that he wanted to help the parties reach an agreement.

7. During that call, I voiced concerns that Plaintiff would initiate a law suit against NITV, even if NITV agreed to meet Mr. Engelman's demands. Kaiser responded in substance "That will not happen – that is why I am involved, to ensure a law suit can be avoided and everyone reaches an agreement."

8. At these representations, believing that the information spoken during the call would not be shared with Mr. Engelman, I explained to Kaiser the reasons that NITV was concerned about granting Plaintiff's demands.

9. Mr. Kaiser allayed my fears and helped NITV reach an agreement with Mr. Engelman.

10. Mr. Kaiser has never asked NITV for written, informed consent to act as Mr. Engelman's counsel in this matter.

FURTHER DECLARANT SAYETH NAUGHT.

The undersigned affirms, under the penalties of perjury, that the foregoing representations are true. This Declaration is executed this 7th day of June, 2006.

DECLARANT:

_____
James Kane

2062227.1